**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| LINDA STOUT, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | } | |
| and | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Intervenor | ) | |
| | ) | |
| vs. | ) | Civ. No. CV65-J-396-S |
| | ) | |
| JEFFERSON COUNTY BOARD | ) | |
| OF EDUCATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**JOINT MOTION FOR ENTRY OF
ATTACHED PROPOSED ORDER REGARDING
OPERATION OF TRUSSVILLE CITY SCHOOL DISTRICT**

Come now the undersigned parties, by and through their attorneys of record, and request

that this Honorable Court approve and enter the appended proposed Order approving the

operation of the Trussville City School District effective July 1, 2005 subject to the terms and

conditions embodied in the proposed Order.

As the Court is aware, under Alabama law, the City of Trussville is entitled to establish a

city board of education and operate a separate city school system.  Because the City of Trussville

schools lie within Jefferson County, which is still subject to the orders of the Court in this case,

the operation of such a separate system requires the approval of the Court to assure that the

desegregation process is not impeded. *See U.S. v. Scotland Neck City Bd. of Educ.*, 407 U.S. 484, 489 (1972) (citing *Wright v. Council of City of Emporia*, 407 U.S. 451, 460 (1972)); *see also Stout v. Jefferson County Bd. of Educ.*, 466 F.2d 1213, 1214 (5th Cir. 1972) (requiring that such new districts "accept a proper role in the desegregation of the county system").

On October 12, 2004, counsel for the Trussville City Board of Education notified counsel for the plaintiffs, plaintiff-intervenor, and defendants of the proposed operation of a separate Trussville system. Since that time the parties have conducted informal discovery and many discussions about relevant issues, and the Court has conducted several status conferences to follow the parties' progress in resolving issues raised by the proposed operation of the new system.

The appended proposed Order reflects the parties' agreements governing a variety of matters relevant to this litigation, and it is modeled in substantial part upon similar orders previously entered by this Court regarding other systems that were originally a part of the Jefferson County School District. Both plaintiff and defendant parties represent to the Court that they have no objection to the entry of the proposed Order and, as well, that it meets applicable legal standards.

WHEREFORE, for the foregoing reasons, the parties request that this Honorable Court approve and enter the appended proposed Order authorizing the operation of the Trussville City School District effective July 1, 2005 in accordance with the terms of the Order.

Respectfully submitted,


R. ALEXANDER ACOSTA
Assistant Attorney General


/s/ Amy I. Berman
PAULINE A. MILLER
AMY I. BERMAN
U.S. Department of Justice
Civil Rights Division
Educational Opportunities Section — PHB
950 Pennsylvania Avenue, NW
Washington, DC 20530
Telephone: (202) 514-4092
Fax: (202) 514-8337

ALICE H. MARTIN
United States Attorney
SHARON D. SIMMONS
Assistant United States Attorney
Attorney Number ASB 2082
1801 4th Avenue North
Birmingham, AL 35203
Telephone: (205) 244-2140
Fax: (205) 244-2181

Attorneys for the United States of America

/s/ Norman J. Chachkin
NORMAN J. CHACHKIN
Attorney for Plaintiffs
NAACP Legal Defense & Educational
    Fund, Inc.
99 Hudson Street, Suite 1600
New York, NY 10013-2897
Telephone: (212) 965-2259
Fax: (212) 219-2052
E-mail: nchachkin@naacpldf.org

Attorney for Plaintiffs


BISHOP, COLVIN, JOHNSON & KENT
1910 First Avenue North
Birmingham, AL 35203
Telephone: (205) 251-2881
Fax: (205) 254-3987


/s/ Whit Colvin
WHIT COLVIN, Bar ID # ASB 3137-C51G

Attorney for Defendant Jefferson County
    Board of Education

/s/ Donald B. Sweeney, Jr.
DONALD B. SWEENEY, JR. (SWE002)
Dsweeney@bradleyarant.com

Bradley Arant Rose & White LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2119
Telephone: (205) 521-8000
Fax: (205) 521-8800

Attorney for Trussville City Board of Education

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

LINDA STOUT, et al.,                    )
                                        )
                    Plaintiffs,                )
                                        }
     and                               )
                                        )
UNITED STATES OF AMERICA,               )
                                        )
               Plaintiff-Intervenor       )
                                        )
vs.                                     )          Civ. No. CV65-J-396-S
                                        )
JEFFERSON COUNTY BOARD                  )
OF EDUCATION, et al.,                   )
                                        )
              Defendants.                 )
_____ )

## PROPOSED ORDER

Pending before the Court is the City of Trussville Board of Education's request to form a separate school system from the Jefferson County School System, commencing with the 2005-06 school year.

Under Alabama law, cities of 5000 or more inhabitants are authorized to establish city boards of education and operate city school systems. Ala. Code § 16-11-1 *et seq.* However, because the City of Trussville schools lie within Jefferson County, which is still subject to the orders of this Court in this case, operation of separate systems formed at or after the time of court-ordered desegregation requires the approval of the Court to assure that they do not impede the desegregation process. *See U.S. v. Scotland Neck City Bd. of Educ.,* 407 U.S. 484, 489

(1972) (citing *Wright v. Council of City of Emporia*, 407 U.S. 451, 460 (1972)); *see also Stout v. Jefferson County Bd. of Educ.*, 466 F.2d 1213, 1214 (5th Cir. 1972) (requiring that such new districts "accept a proper role in the desegregation of the county system").

The Trussville City School District includes not only a portion of Jefferson County but also a smaller area within St. Clair County. In preparation for the coming school year, the Trussville City Board of Education negotiated an agreement covering fiscal and other matters with the Jefferson County Board of Education, in part with the assistance of the State Superintendent of Education, Dr. Joseph Morton and the Hon. Glen G. Waddell as mediator. The April 15, 2005 final Agreement between the Jefferson County and Trussville Boards is attached to this Order as Exhibit "A." The Trussville City Board has also conducted negotiations on such matters with the St. Clair County Board of Education. Although a formal agreement between these two school boards has not yet been reached, all parties, as well as the St. Clair County Board of Education, have represented to the Court that approval of Trussville's separate operation effective July 1, 2005 need not be further delayed pending finalization and execution of that agreement, in light of the parties' common position respecting the school attendance of pupils residing within the area of the Trussville City School District that is within the boundaries of St. Clair County (see *infra* paragraph (5), at pp. 7-9).[1]

On October 12, 2004, counsel for the Trussville City Board of Education notified counsel for the plaintiffs, plaintiff-intervenor and defendants of the proposed operation of a separate Trussville system with an anticipated date of separate operation of July 1, 2005. From

---

[1]At the Court's request, William J. Trussell, attorney for the St. Clair County Board of Education, participated in the April 21, 2005 status conference in this matter; he has confirmed the position of the St. Clair County Board described in this paragraph.

November, 2004 to the present time, the *Stout* plaintiffs and plaintiff-intervenor United States of America have requested information and conducted discussions with counsel and officers of the proposed Trussville system in order to assess the impact of the new system upon the desegregation process. These discussions concerned subjects such as: provision for continued attendance of Jefferson County students living outside Trussville, who attended schools within Trussville during the 2004-05 school year, during a transition period while Jefferson County constructs or expands its school facilities to accommodate these pupils[2] — described in the Boards' Agreement as a "phase-through attendance plan";[3] the transportation and inter-district transfer policies of the new Trussville system; projected enrollments in the new system; future school construction contemplated by the new system; and the question of the new system's responsibility to accept a limited number of desegregative transfers under the federal "No Child Left Behind Act" if, during the transition period, a school or schools in the area of the Jefferson County school system in which Trussville is located were required by that Act to offer students the opportunity to transfer to a school not "identified for school improvement," 20 U.S.C. § 6316(b)(1)(E) (2004).[4]

---

[2]The transition period will not extend beyond the 2007-2008 school year but may end earlier should the Jefferson County school system request. See Section I.C.1.(b) of the Agreement between the Jefferson County Board of Education and the Trussville City Board of Education dated April 15, 2005 [hereinafter, "Agreement"] (attached to this Order as Exhibit "A"), at p. 6.

[3]*See*, *e.g.*, *Brown v. Bd. of Educ. of Bessemer*, 808 F.2d 1445 (11th Cir. 1987), upholding a similar temporary plan adopted by the Court to allow the City of Bessemer system to construct facilities to accommodate students whose residences had been annexed into the City.

[4]The Court is informed that there is some possibility that the Erwin or Center Point elementary facilities operated by Jefferson County might fall into this category during the transition period if either or both of the schools fail to make "annual yearly progress," *see* 20

3

The negotiations and discussions among the parties have resulted in agreement among them on all of these various issues.  Specifically,

(1) the Trussville City Board of Education has adopted an inter-district transfer policy (attached hereto as Exhibit "B") that is consistent with legal requirements, acceptable to the other parties, and to the Court;[5]

(2) the Trussville Board has adopted a pupil transportation policy that is also acceptable (attached hereto as Exhibit "D");

---

U.S.C. § 6311(b)(2)(B), (C) (2004).  In the past several years, this Court has entered Orders prescribing transfer options to be offered to black and non-black students, respectively, attending schools required under the Act to provide transfer opportunities, in order to assure that "No Child Left Behind Act" (NCLB) transfers do not undermine desegregation in the Jefferson County system.  The parties and the Court accept the representation of the plaintiffs and plaintiff-intervenor that, were Trussville not forming a separate system, it is highly likely that they would seek to have the elementary schools within the City of Trussville identified as an option for black pupils at either Erwin or Center Point if either or both of those schools were required to offer NCLB transfers.

[5]The Trussville City Board of Education's Inter-District Student Transfer Policy states that "Transfer applications require the applicant to submit a written release from the school system where the student is assigned."  Governing federal legal principles require that an inter-district transfer be granted only after a determination by both the sending and receiving districts that the transfer will not impede desegregation in either school system (if either or both remain subject to federal court desegregation orders).  *See U.S. v. Lowndes County Bd. of Educ.*, 878 F.2d 1301 (11th Cir. 1989); *Lee v. Eufaula City Bd. of Educ.*, 573 F.2d 229 (5th Cir. 1978); *Singleton v. Jackson Mun. Separate Sch. Dist.*, 419 F.2d 1211, 1218-19 (5th Cir. 1969), *cert. Denied*, 396 U.S. 1032 (1970), *rev'd in part on other grounds sub nom. Carter v. West Feliciana Parish Sch. Bd.*, 396 U.S. 290 (1970).  The Court will require that the Trussville City Board of Education comply with this requirement by requiring that a sending district's Release must address this issue.  (The Court is advised that plaintiffs and plaintiff-intervenor are willing to except school board employee transfers from this requirement on the same terms as is the case for Jefferson County, whose policy provides that "inter-district employee transfers are not subject to the[se] limitations . . . the Board agrees to provide data to the parties on inter-district transfers and to consider necessary modifications if the transfers are impeding . . . desegregation efforts." See Order of February 11, 2002 herein, approving Jefferson County Board of Education's "Inter-District Transfer Guideline" (attached hereto as Exhibit "C").)

(3) the parties have agreed that Jefferson County students living outside the 2004-05 attendance zones for schools located within Trussville, who are not graduating this year, and who attend schools within Trussville during the 2004-05 school year through a racial desegregation transfer granted by the Jefferson County school system, shall be permitted to apply to attend school within Trussville during the 2005-06 school year without payment of tuition.  The parties agree that there are eight (8) students subject to this provision.  For each such student who is granted a 2005-06 transfer under this provision, the Jefferson County Board of Education shall pay to the Trussville City Board of Education the same "County Board Per Student Amount" defined in paragraph II.J.3. of the Agreement between those two Boards (attached hereto as Exhibit "A");

(4)  The parties have agreed, and the Court finds that it is appropriate (during the transition period[6]  to provide for limited participation by the Trussville City Board of Education in assisting the Jefferson County Board of Education in meeting the requirements of the federal "No Child Left Behind Act."  Specifically, such assistance might be required should a Jefferson County school in this area of the school system,[7] during the transition period, fall within the category of schools from which the Jefferson County school system must offer transfers.  *See* 20 U.S.C. §§ 6316(b)(1)(E), 6316(b)(1)(F), 6316(b)(1)(5)(A), 6316(b)(7)((C)(i), 6316(b)(8)(A)(I), 6316(c)(10)(C)(vii) (2004).

---

[6]See *supra* note 2 and accompanying text.

[7]The area may generally be described as the geographic portion of the system located east of I-65.

Provision for assistance by Trussville is appropriate since the school facilities that will be acquired by the Trussville City Board of Education on July 1, 2005 potentially would, but for the establishment of the separate Trussville system, be "another public school served by the [Jefferson County Board of Education] . . . that has not been identified for school improvement," 20 U.S.C. § 6316(b)(1)(E) (2004), and, during the transition period, will not yet have been replaced through the construction of a new facility or facilities.

The Jefferson County system has determined that in the area of its school system that currently includes the schools within the City of Trussville,[8] only elementary schools are potentially subject to the transfer-out requirements of the "No Child Left Behind Act" (NCLB), specifically Erwin Elementary School and possibly Center Point Elementary School. Should the Jefferson County system be required by that federal law, during the transition period, to offer transfers from Erwin Elementary School and/or Center Point Elementary School, then the Trussville system will accept a limited number of transfers under the Act (if any are requested) to Paine Elementary School and/or Paine Primary School subject to the following conditions:

(i) The Trussville Board will not charge either the transferring students, their parents or the Jefferson County Board of Education any tuition;

(ii) The Jefferson County Board will provide transportation for the transferring students;

---

[8]See *supra* note 7.

(iii) The number of NCLB transfers that the Trussville system will accept, in any school year during the transition period, shall be determined by the parties after notice by counsel for the Jefferson County Board of Education that Erwin Elementary or Center Point Elementary has been identified as a school from which transfers must be permitted under the NCLB, or by the Court if the parties are unable to agree;

(iv) For each student transferred under NCLB from a Jefferson County school to a Trussville school pursuant to the procedure outlined herein, the Jefferson County Board shall pay the Trussville City Board an amount equal to the "County Board Per Student Amount" as defined in Section II.J.3. of the Agreement (Exhibit "A") (at p. 22), in the manner described therein (at p. 23).

(5) The parties have agreed that effective with the 2005-06 school year, and subject only to the exception stated in this subparagraph, students residing within the boundaries of the Trussville City School District, including areas that have been or may hereafter be annexed into the City of Trussville from Jefferson County or St. Clair County, shall attend schools in the Trussville City School District unless they apply for and are granted an inter-district transfer to another school system and are released by the Trussville City Board of Education in accordance with applicable legal principles, see *supra* note 5. The Trussville City Board of Education has filed with the Court maps showing the boundaries of the Trussville City School District as of the date of this Order, and has furnished legal descriptions and street address lists which are attached hereto as Exhibit "E".  Students who reside within the area of the Trussville City School District

that lies within St. Clair County, and who are enrolled in St. Clair County Schools during the 2004-2005 school year, shall be permitted to opt to continue to attend schools in St. Clair County without payment of tuition if they exercise that option prior to the 2005-06 school year in accordance with procedures to be agreed upon by the Trussville City Board of Education and the St. Clair County Board of Education.

If such a student (who resides within the area of the Trussville City School District that lies within St. Clair County and who attended St. Clair County Schools for the 2004-2005 school year) opts to attend a St. Clair County School for the 2005-2006 school year, that student may remain enrolled in the St. Clair County School System without paying tuition until graduation. However, if such a student (who enrolls in a St. Clair County School for the 2005-2006 school year) opts thereafter to enroll in the Trussville School District, the student must remain a student in the Trussville School District, and may subsequently enroll in the St. Clair County School District only (a) in accordance with and subject to the St. Clair County Student Interdistrict Transfer Policy and (b) if the student is released from the Trussville City School District in accordance with the Trussville School District Student Interdistrict Transfer Policy.

The parties have represented to the Court that there are fourteen (14) students in the category identified above: namely, students residing in the area of the Trussville City School District that lies within St. Clair County and who attended St. Clair County Schools for the 2004-2005 school year. These fourteen students and only these fourteen students are entitled to opt to attend St. Clair County Schools for the 2005-2006 school year, and thereafter as specified above, notwithstanding their residence within the

Trussville School District. The St. Clair County School District will provide transportation to St. Clair County Schools for those of the fourteen students who exercise the option.[9]

(6) The Trussville City Board of Education and the plaintiffs and plaintiff-intervenor have agreed on what provisions of currently effective decrees governing the operation of the Jefferson County Schools shall be retained to govern the City of Trussville School District. Those provisions are set forth *infra* pp. 13-18.

Based upon these agreements and representations by the parties to the Court, and the Court's review of the pleadings and other documents concerning this matter that have been filed, the Court is prepared to grant approval for the Trussville City Board of Education to commence operation of a separate school system effective for the 2005-06 school year.

It is therefore, hereby, ORDERED, ADJUDGED and DECREED as follows:

1. Based upon the actions taken and policies adopted by the City of Trussville Board of Education, the commitments and agreements of the parties memorialized herein and in the attachments hereto and the requirements directed by the Court herein, the Court grants its approval for the separate operation of the City of Trussville School District commencing with the 2005-06 school year.

_____

[9]This was confirmed by the attorney for the St. Clair County Board of Education. See *supra* note 1.

2. The Court approves the Trussville City Board of Education's inter-district transfer policy (attached hereto as Exhibit "B").  In administering that policy, Trussville shall (except for "[School Board] employee transfers") require that a student seeking an inter-district transfer into the Trussville system furnish a Release from the school system that the student would otherwise attend[10] (the "sending district") that states whether or not the sending district is subject to a federal court desegregation order, and, if so, confirms that transfer of the released student will not impede desegregation and compliance with the applicable court order to which the sending district is subject.  Any future modifications to Trussville's inter-district transfer policy shall be submitted to counsel for the other parties and then to the Court for approval.

3. The Court approves the Trussville City Board of Education's transportation policy (attached hereto as Exhibit "D")."  Any future modifications to that policy shall be submitted to counsel for the other parties and then to the Court for approval.

4. Students residing in Jefferson County outside the 2004-05 attendance zones for schools located within the City of Trussville, who are not graduating this year, and who attend schools within Trussville during the 2004-05 school year because they were granted a racial desegregation transfer by the Jefferson County school system, shall be permitted to apply to attend schools within the Trussville City School District during the 2005-06 school year without payment of tuition.  The parties agree that there are eight (8) students subject to this provision. For each such student who is granted a 2005-06 transfer under this provision, the Jefferson County Board of Education shall pay to the Trussville City Board of Education the same "County

---

[10]*See* Ala. Code §§ 16-10-6, 16-11-16; *Phenix City Bd. of Educ. v. Teague*, 515 So. 2d 971 (Ala. Civ. App. 1987)

Board Per Student Amount" as defined in Section II.J.3. of the Agreement between those two Boards (attached hereto as Exhibit "A")(at p. 22) in the manner described therein (at p. 23).

5. Should the Jefferson County Board of Education be required by the federal "No Child Left Behind Act," during the "transition period" (as that term has been used in this Order), to offer transfers from Erwin and/or Center Point elementary schools, the Trussville City Board of Education shall accept a limited number (to be determined as set forth in subparagraph (c) below) of transfers under the Act (if any are requested) to Paine Elementary School and/or Paine Primary School subject to the following conditions:

(a) The Trussville Board will not charge either the transferring students, their parents or the Jefferson County Board of Education any tuition;

(b) The Jefferson County Board will provide transportation for the transferring students;

(c) The number of NCLB transfers that the Trussville system shall accept, in any school year during the transition period, shall be determined by the parties after notice by counsel for the Jefferson County Board of Education that Erwin Elementary or Center Point Elementary has been identified as a school from which transfers must be permitted under NCLB, or by the Court if the parties are unable to agree;

(d) For each student transferred from the Jefferson County school system to a Trussville system school under NCLB pursuant to the procedure outlined herein, the Jefferson County Board shall pay the Trussville City Board an amount equal to the

"County Board Per Student Amount" as defined in Section II.J.3. of the Agreement (at p. 22), in the manner described therein (at p. 23).

6. Effective with the 2005-06 school year, and subject only to the exception stated in this paragraph, students residing within the boundaries of the Trussville City School District (including areas that have been or may hereafter be annexed into the City of Trussville from Jefferson County or St. Clair County) shall attend schools in the Trussville City School District unless they apply for and are granted an inter-district transfer to another school system and are released by the Trussville City Board of Education in accordance with applicable legal principles, see *supra* note 5. However, students who reside within the area of the Trussville City School District that lies within St. Clair County and who are enrolled in St. Clair County Schools during the 2004-2005 school year, shall be permitted to opt to continue to attend schools in St. Clair County without payment of tuition if they exercise that option prior to the 2005-06 school year in accordance with procedures to be agreed upon by the Trussville City Board of Education and the St. Clair County Board of Education.

(a) If such a student (who resides within the area of the Trussville City School District that lies within St. Clair County and who attended St. Clair County Schools for the 2004-2005 school year) opts to attend a St. Clair County School for the 2005-2006 school year, that student may remain enrolled in the St. Clair County School System without paying tuition until graduation. However, if such a student (who enrolls in a St. Clair County School for the 2005-2006 school year) opts thereafter to enroll in the Trussville School District, the student must remain a student in the Trussville School District, and may subsequently enroll in the St. Clair County School District only (i) in

12

accordance with and subject to the St. Clair County Student Interdistrict Transfer Policy and (ii) if the student is released from the Trussville City School District in accordance with the Trussville School District Student Interdistrict Transfer Policy.

(b) The parties have represented to the Court that there are fourteen (14) students in the category identified above: namely, students residing in the area of the Trussville City School District that lies within St. Clair County and who attended St. Clair County Schools for the 2004-2005 school year. These fourteen students and only these fourteen students are entitled to opt to attend St. Clair County Schools for the 2005-2006 school year, and thereafter as specified above, notwithstanding their residence within the Trussville School District.

(c) The St. Clair County School District will provide transportation to St. Clair County Schools for those of the fourteen students who exercise the option.

7. The City of Trussville School District is bound by the 1971 Order in this case to the extent set forth below:

## I. STUDENT ASSIGNMENT

(a) The City of Trussville School District will initially operate four schools within a single attendance zone.  The four schools have the following grade configurations: Paine Primary, grades K-2; Paine Intermediate, grades 3-5; Hewitt Trussville Middle, grades 6-8; Hewitt Trussville High School, grades 9-12.  The City of Trussville Board of Education has considered plans to construct and operate additional schools, which would require approval by the Court.  See II. below.  To the extent that such construction requires modifications of the current attendance zone, such modifications would also require approval by the Court.  The

provisions of this Order will apply to all schools operated by the City of Trussville Board of Education during the pendency of this matter.

(b) No student in the attendance area(s) encompassed by the Trussville City School District shall be permitted to attend a school located outside the attendance zone serving his or her actual residence, nor shall the City of Trussville Board of Education permit students to enroll at schools within the City of Trussville School District who do not reside within the City of Trussville School District. The only exceptions to this provision shall be any inter-district transfers that are granted consistent with the requirements of Section III. The residence of a student shall be determined by the residence of his or her parent(s). If the student has no living parent who resides in the City of Trussville School District, the assignment shall be determined by the student's actual residence. Guardianships of the estate shall not be used to determine school assignment. Guardianships of the person shall only be accepted if the student actually resides with his or her custodial guardian. It shall be the duty of the City of Trussville Board of Education, the superintendent, and the school principals to insure that the attendance boundaries and the provisions of this Order are strictly enforced.

(c) If a student attempts to register at a school other than the school within the attendance zone of his or her legal residence or attempts to register in violation of this Order, his or her registration shall not be accepted, and he or she shall not be permitted to attend class or to receive academic credit for attendance at the improper school. The City of Trussville School District shall reassign students attending out-of-district to the correct school or school system and notify each student of his or her correct assignment.

(d) The City of Trussville Board of Education shall develop address files for each and every student in its system, commencing with the 2005-06 academic year.

## II. CONSTRUCTION

All new construction, including any addition to an existing school, is subject to prior approval by the Court. No school shall be closed without approval by the Court.

## III. TRANSFERS

Inter-district student transfers are governed by the board policy set forth in Exhibit "B." This attachment constitutes a part of this Order and is incorporated herein by reference. Any change or modification to this policy is subject to Court approval.

## IV. FACULTY AND STAFF

The assignment of faculty and staff shall be carried out in a non-discriminatory manner. The City of Trussville Board of Education shall promulgate non-racial objective criteria to be filed with the Court and served on the parties within 90 days of the date on which this Order is entered. The non-racial objective criteria adopted by the City of Trussville Board of Education shall be used for employment, assignment, promotion, demotion, salary and dismissal. The City of Trussville Board of Education shall retain all records related to the use of these criteria.

## V. OTHER PROVISIONS

No student in the City of Trussville School District will be segregated or discriminated against on account of race or color in any service, facility, activity or program (including transportation, athletics, or other extracurricular activity) that may be conducted or sponsored by, or affiliated with, the school in which he or she is enrolled. A student attending a school for the first time as a result of the Orders of this Court (as distinguished from a change in residence of

the student) shall not be subject to any disqualification or waiting period for participation in athletics or other activities and programs which might otherwise apply because he or she is a transfer or newly assigned student; provided however that this shall not exempt students obtaining transfers under the provisions of Section III hereof from any longstanding, non-racially based rules of any city, county, or state athletic association dealing with the eligibility of transfer students for athletic contests. All school use or school-sponsored use of athletic fields, meeting rooms and other school-related services, facilities, activities and programs, such as commencement exercises and parent-teacher meetings which are open to persons other than enrolled students, will be open to all persons without regard to race or color. All special educational programs conducted by the school system will be conducted without regard to race or color.

## VI. REPORTING

(a) The City of Trussville Board of Education will immediately notify the Court and the parties of any proposed grade reconfiguration or school consolidations.

(b) By October 20 and February 20 of the 2005-06 school year and thereafter by October 20 of each year, until relieved by order of this Court, the City of Trussville Board of Education shall file with the Court (with service on the other parties hereto) a report containing the following information:

(1) The number of students by race (A) enrolled and (B) attending each school in the system on September 30 and January 30, respectively (for the 2005-06 school year) and thereafter on September 30, of each school year, subdividing such information by each grade and classroom in the school (and indicating the race of the teacher assigned to each such classrooms)

and reflecting the total student figures by race for the system as a whole.  If school is not in session on September 30 or January 30, the report shall be made as of the next succeeding school day.

(2) The number of full-time teachers by race employed by the Board at each school in the system on the dates indicated in Section VI(b)(1) above, and indicating the total full-time teacher figures by race for the system as a whole.

(3) The number of part-time teachers by race employed by the Board at each school in the system on the dates indicated in Section VI(b)(1) above, and indicating the total part-time teacher figures by race for the system as a whole.

(4) A list of the requests and the results which have been accrued for transfers under the provisions of Section III.  This portion of the report shall be filed under seal and shall give the student's name, date of birth, legal residence, race, parents' names and addresses, the schools involved, the reason the request for transfer was made, whether the request was granted or denied, and the basis for such disposition.

(5) A list of all students who have switched their residence or school district since conclusion of the prior semester up to the attendance dates enumerated in Section VI(b)(1) above, indicating the student's name, date of birth, the former and new address, the student's race, the schools involved, and the percentage of black students in the two schools involved. This portion of the report shall be filed under seal.

(6) A list of all students (other than those indicated in (4) and (5) above) attending each school in the system while residing in another school district, indicating the student's name, date of birth, legal residence, race, parents' names and addresses, the schools involved, and the

17

percentage of black students in the two schools involved.  This portion of the report shall be filed under seal.

The foregoing report shall be sworn by the superintendent.

**IT IS SO ORDERED.**

Dated this _____ day of _____, 2005.

_____
Inge P. Johnson
United States District Judge

## CERTIFICATE OF SERVICE

I hereby certify that on April 29, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Amy I. Berman, Esq., Attorney for Plaintiff-Intervenor United States of America; Pauline A. Miller, Esq., Attorney for Plaintiff-Intervenor United States of America; Sharon D. Simmons, Esq., Attorney for Plaintiff-Intervenor United States of America; Hon. Alice H. Martin, United States Attorney, Attorney for Plaintiff-Intervenor United States of America; Carl E. Johnson, Jr., Esq., Attorney for Defendants Jefferson County Board of Education, et al.; Whit Colvin, Esq., Attorney for Defendants Jefferson County Board of Education, et al.; and Donald B. Sweeney, Jr., Esq., Attorney for Trussville City Board of Education, et al.

Respectfully submitted,


/s/ Norman J. Chachkin
Norman J. Chachkin
Attorney for Plaintiffs
NAACP Legal Defense &
    Educational Fund, Inc.
99 Hudson Street, Suite 1600
New York, NY 10013-2897
Telephone: (212) 965-2259
Fax: (212) 219-2052
E-mail: nchachkin@naacpldf.org