FILED
2016 Aug-19 PM 01:55
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **LINDA STOUT, et al.,** | ) |
| Plaintiffs, | ) |
| **UNITED STATES OF AMERICA,** | ) |
| Plaintiff-Intervenor, | ) |
| v. | ) Case No.: 2:65-cv-00396-MHH |
| **JEFFERSON COUNTY BOARD OF EDUCATION,** | ) |
| Defendant, | ) |
| **GARDENDALE CITY BOARD OF EDUCATION,** | ) |
| Defendant-Intervenor. | ) |

## ANSWER IN INTERVENTION

The Gardendale City Board of Education ("**GBOE**") files this Answer in Intervention in order to comply with Fed. R. Civ. P. 24(c). GBOE has previously intervened and requested that this Court enter an order declaring that it may assume operational control of Gardendale High School, Bragg Middle School, Gardendale Elementary School, and Snow Rogers Elementary School (collectively, the "**Gardendale Schools**"). The June 4, 1965 Complaint filed by Private Plaintiffs'

predecessors contains no allegations against GBOE. Nevertheless, in response to the Complaint in this matter, GBOE states as follows:

1. The Complaint makes no factual allegations against GBOE to which a response is required and does not name GBOE.

2. GBOE did not exist at the time the Complaint was filed against Defendant Jefferson County Board of Education ("**JCBOE**").

3. Even so, to the extent any of the allegations made against other parties could or are asserted to apply to GBOE by any party or intervenor, GBOE asserts that no Constitutional violation can been alleged against it, because GBOE has never operated a "compulsory biracial school system" as alleged in the Complaint.

4. GBOE has never been adjudicated and cannot be adjudicated, on any facts alleged, to have violated the Fourteenth Amendment, as it has never pursued a policy, practice, or custom of operating a dual school system within its city limits or otherwise.

5. GBOE does not seek relief from this Court in order to pursue any such practice or policy.

6. No action of omission of GBOE, therefore, has violated or can be found to violate the Fourteenth Amendment because none of the violations alleged in the Complaint are alleged against or could possibly apply to GBOE.

7. To the extent, therefore, that Plaintiffs or any other party or intervenor seeks an injunction from this Court to prevent GBOE from exercising its legal right to operate the school system within its boundaries, they have failed to state any claim against GBOE for which relief can be granted, as no Constitutional violation by GBOE has been alleged or can be asserted.

8. Further, to the extent that Plaintiffs or any other party or intervenor asserts that GBOE's operation of its schools would affect JCBOE's compliance with the September 8, 1971 Order of this Court, GBOE responds that any actions or omissions by JCBOE that this Court has previously found to be in violation of the Fourteenth Amendment have been fully remedied, and that the school system of Jefferson County is unitary, not dual, and has been for some time, under binding precedent that has intervened since the entry of the 1971 Order.

9. Accordingly, GBOE's requested relief cannot impair compliance with any previous Order of this Court.

10. In the alternative, however, GBOE states that its operation of its schools will not adversely impact the County's compliance with previous Orders of this Court.

11. Specifically, GBOE should not be enjoined from assuming operational control of the Gardendale Schools because the operations of GBOE will not adversely impact the JCBOE in its efforts to desegregate its schools.

12. GBOE should not be enjoined from assuming operational control of the Gardendale Schools because, under the Plan of Separation (*see* Doc. 1040-1) (the "**Plan of Separation**"), GBOE's assumption of control will not impair or otherwise adversely impact JCBOE's progress toward unitary status.

13. GBOE should not be enjoined from assuming operational control of the Gardendale Schools because it will not adversely impact JCBOE's progress toward unitary status with respect to student assignment.

14. GBOE should not be enjoined from assuming operational control of the Gardendale Schools because it will not adversely impact JCBOE's progress toward unitary status with respect to faculty assignment.

15. GBOE should not be enjoined from assuming operational control of the Gardendale Schools because it will not adversely impact JCBOE's progress toward unitary status with respect to staff assignment.

16. GBOE should not be enjoined from assuming operational control of the Gardendale Schools because it will not adversely impact JCBOE's progress toward unitary status with respect to transportation.

17. GBOE should not be enjoined from assuming operational control of the Gardendale Schools because it will not adversely impact JCBOE's progress toward unitary status with respect to extracurricular activities.

18. GBOE should not be enjoined from assuming operational control of the Gardendale Schools because it will not adversely impact JCBOE's progress toward unitary status with respect to facilities.

19. GBOE should not be enjoined from assuming operational control of the Gardendale Schools because the Plan of Separation complies with the Court's September 8, 1971 desegregation order.

20. In further support of GBOE's requested relief as a Defendant-Intervenor, GBOE states that if it is enjoined from assuming operational control of the Gardendale Schools, such an injunction would violate the Tenth Amendment of the U. S. Constitution by impermissibly intruding on the sovereignty of the State, the County, and GBOE and their right to govern local schools. Such an injunction would be a violation of the principles of federalism as an unwarranted exercise of federal power over matters that are properly the province of the State and its subdivisions. There is no longer adequate justification for the substantial federalism costs incurred by ongoing federal-court control of the County's schools system, nor for any restraint of GBOE's right under State law to create and govern its own school district.

21. If GBOE is enjoined from assuming operational control of the Gardendale Schools, such an injunction would also violate the Supreme Court's guidance that federal courts are to begin withdrawing their jurisdiction over

school-desegregation cases. Federal supervision of local school districts was always intended to be merely temporary, and after over fifty years of litigation, the time has come for an end to this case and the restoration of the self-governance and local control of schools that the Supreme Court has recognized is a central and compelling interest in our Constitutional system.

22. If GBOE is enjoined from assuming operational control of the Gardendale Schools, this would further violate the Tenth Amendment and exceed the scope of this Court's remedial powers as contemplated by Supreme Court precedent because the earlier Fifth Circuit opinions in this matter are no longer correct statements of the law. Due to intervening Supreme Court precedent, GBOE should no longer be required to make a showing that its formation and operation will not impair the County's progress toward a unitary system.

23. If GBOE is enjoined from assuming operational control of the Gardendale Schools, this would exceed the scope of this Court's remedial powers under the Fourteenth Amendment because the only relevant conduct that violates that Amendment is *de jure* segregation of students on the basis of race, which conduct GBOE has never committed. Given the Supreme Court's guidance that mere racial imbalances in student population are not a violation of the Fourteenth Amendment, and that no certain ratio or mixture of the races is affirmatively required by the Constitution, GBOE's operation of its schools cannot impair the

County's compliance with the ultimate goal of the Constitution: the color-blind treatment of all races of students in Jefferson County, which has now been the law for decades. Accordingly, any finding that GBOE's operation would impair the County's obligation to end segregation in its schools would exceed the Court's powers arising from the Fourteenth Amendment because fluctuations in the racial ratios of remaining County schools, if found to occur due to GBOE's operation, do not violate the Constitution.

Respectfully submitted on this 19th day of August 2016.

s/ *Stephen A. Rowe*
Stephen A. Rowe
Aaron G. McLeod
Russell J. Rutherford
Counsel for The City of Gardendale Board of Education

**OF COUNSEL:**
Adams and Reese LLP
1901 6th Avenue N., Ste. 3000
Birmingham, AL 35203
(205) 250-5000
(205) 250-5034 (fax)
steve.rowe@arlaw.com
aaron.mcleod@arlaw.com
russell.rutherford@arlaw.com

# **CERTIFICATE OF SERVICE**

      I hereby certify that I caused the foregoing to be filed using the CM/ECF system, which will automatically notify all counsel of record.

s/ *Stephen A. Rowe*
OF COUNSEL
